UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LCB BATTERY, LLC, a Texas Limited Liability Company, § § § | | |
| Plaintiff, § § | | |
| v. § § | Case No. _____ | |
| WAYNE GLOBAL, LLC, a Texas Limited Liability Company, § § § § | JURY TRIAL DEMANDED | |
| Defendant. § | | |

## COMPLAINT

Plaintiff, LCB BATTERY, LLC, a Texas Limited Liability Company, hereby complains of and sues Defendant, WAYNE GLOBAL, LLC, a Texas Limited Liability Company, alleging:

### Nature of Action

1. This is an action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and a Texas law cause of action. Plaintiff LCB BATTERY, LLC claims that its "JOLT" trademark rights as associated with its battery goods are being infringed by Defendant WAYNE GLOBAL, LLC's use of "JOLT" in association with its battery goods.

### Parties

2. Plaintiff, LCB BATTERY, LLC ("LCB"), is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Fort Worth, Texas.

3. Defendant, WAYNE GLOBAL, LLC ("Wayne"), is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in San Antonio, Texas. Defendant Wayne may be served at its business address at 11238 Begonia

Rock, San Antonio, Texas 78245-3723 through its Registered Agent Eric Mills.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant Wayne because Defendant Wayne has numerous continuous and systematic contacts with the State of Texas, including the Northern District of Texas, and is organized under the laws of Texas, has its principal place of business in this State and is registered to do business in this State.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2). Particularly, Defendant Wayne makes sales in this District, at a minimum via its Amazon online sales.

## Factual Allegations

*LCB AND ITS "JOLT" MARK*

7. LCB is principally owned by Robert Gregg Hubbard. Mr. Hubbard, through his various related companies (LCB BATTERIES, LLC, JOLT CORPORATION, JOLT ENERGIA, LLC, and ROUTE 66 BATTERIES LLC; *see* Exhibit 1, records from the Texas Secretary of State) has done business under the common law "JOLT" mark in Texas and internationally since at least the mid-1990's.

8. LCB obtained the federal trademark Registration No. 4,595,344 (the '344 Registration) for "JOLT" as used in association with batteries and battery chargers on September 2, 2014. *See* Exhibit 2. The '344 Registration is valid, subsisting, incontestable and never has been abandoned. The '344 Registration and LCB's "JOLT" common law trademarks are collectively referred to as the "JOLT" Mark.

9. LCB and its related entities have made large investments over the years to promote the "JOLT" Mark and brand. For more than 30 years LCB has been using the common law JOLT Mark throughout the United States and elsewhere. It has been using the "JOLT" brand for batteries and battery chargers since at least as early as March 31, 2013 as detailed in the '344 Registration.

10. Further evidence showing LCB's (and its related predecessors) use of the "JOLT" Mark include:

Exhibit 3: Six Jolt Corporation sales invoices for "JOLT" Batteries from the 2003-2005 time period;

Exhibit 4: Proof of attendance at the October 2017 AAPEX Show in Las Vegas, Nevada, with pictures of the sales booth displaying "JOLT" products and the "JOLT" brand;

Exhibit 5: Pricing Quote to customer of "JOLT" products dated November 16, 2017;

Exhibit 6: Rework of "JOLT" artwork dated April 9, 2018;

Exhibit 7: Invoice for "JOLT" batteries dated January 15, 2022; and,

Exhibit 8: Examples of current use of the "JOLT" mark as of October, 2023.

*USPTO PROCEEDINGS*

11. On March 25, 2022 Defendant Wayne filed two (2) Intent to Use trademark applications with the United States Patent and Trademark Office ("USPTO") for registration of "JOLT," Serial Nos. 97330659 and 97330505. *See* Exhibit 9. On May 24, 2022, these applications for registration were initially rejected by the Trademark Examining Attorney for a likelihood of confusion with LCB's '344 Registration.

12. On November 23, 2022 Defendant Wayne instituted a cancellation proceeding before the United States Trademark Trial and Appeal Board ("TTAB"), seeking to cancel LCB's '344 "JOLT" Registration (Cancellation No. 92081062). LCB received no notice of this

proceeding. A Default was entered in the cancellation proceeding on January 13, 2023, and a Default Judgment was entered on February 23, 2023, cancelling LCB's '344 Registration. Without the blocking of '344 Registration, subsequently Defendant Wayne's applications were passed to publication and published for opposition on September 13, 2023. LCB filed Requests for Extensions of Time to oppose these applications and subsequently filed a request to suspend these potential oppositions pending an outcome in the cancellation proceeding. One of these requests was denied on February 5, 2024. In the interim LCB filed a motion to set aside the default based upon it failing to receive notice of the Cancellation Proceeding. The TTAB granted LCB's Motion, thus reopening the Cancellation Proceeding and reinstating the '344 Registration. *See* Exhibit 10, January 17, 2024 opinion of the TTAB and Exhibit 11, January 17, 2024 TTAB reinstatement order.

## *WAYNE AND ITS INFRINGING ACTIVITIES*

13. Defendant Wayne is principally owned and operated by Eric W. Mills of Leon Valley, Texas.

14. With full knowledge of LCB's "JOLT" '344 Registration and related common law mark, Defendant Wayne has recently begun selling batteries which bear the "JOLT" mark. *See* Exhibit 12 showing a recent Amazon advertisement for Defendant Wayne's "JOLT" batteries; compare with recent LCB Amazon advertisements for its "JOLT" batteries as shown in Exhibit 13. Thus, Defendant Wayne is advertising, marketing, and selling its "JOLT" batteries in the same marketplace as the "JOLT" branded batteries advertised, marketed, and sold by LCB, creating a likelihood of marketplace confusion. This constitutes trademark infringement and unfair competition.

## Count 1

### *Federal Trademark Infringement*

### *In Violation of Lanham Act § 32 (15 U.S.C. § 1114(1))*

15. LCB repeats and reasserts all allegations contained in Paragraphs 7 through 14 above as if they were stated in full herein.

16. This is a claim by LCB for infringement of its "JOLT" Mark.

17. LCB's "JOLT" '344 Registration is in full force and effect, is valid and subsisting, incontestable and has never been abandoned. Its related common law mark is in full force and effect and never has been abandoned.

18. LCB's "JOLT" mark is inherently distinctive or, alternatively, has acquired distinctiveness through extensive widespread and long-term promotion, advertising, and industry recognition.

19. The "JOLT" Mark is owned by LCB and is widely used by LCB throughout the Texas market and elsewhere.

20. By virtue of the goodwill and reputation for quality associated with the "JOLT" Mark and LCB's extensive efforts at promoting, advertising, marketing, and selling its "JOLT" branded batteries, the "JOLT" Mark has developed a secondary meaning and significance in the minds of those in the market for batteries and related items provided by LCB. The batteries provided by LCB under the "JOLT" Mark are immediately identified by the purchasing public with LCB or as emanating from a single source.

21. Defendant Wayne's unauthorized use of the "JOLT" mark in order to promote its batteries, as alleged herein, reproduces, counterfeits, copies, colorable imitates, and constitutes infringement of LCB's "JOLT" Mark and is likely to cause confusion and mistake in the minds of

the purchasing public as to the source of the goods in violation of 15 U.S.C. § 1114(1).

22. The actions of Defendant Wayne complained of herein constitute willful and intentional infringement of the "JOLT" Mark in total disregard of LCB's proprietary rights. Those actions were commenced and have continued in spite of Defendant Wayne's knowledge that the use of the "JOLT" mark, or any reproduction, counterfeit, copy, or colorable imitation thereof, was and is in direct contravention of LCB's rights.

23. Defendant Wayne's unauthorized use of the "JOLT" Mark is irreparably damaging to LCB in the form of: (i) interference with LCB's ability to exploit its rights; (ii) confusion in the marketplace as to the duly authorized source of the goods provided in connection with the "JOLT" Mark; and (iii) impairment of the goodwill LCB has in its "JOLT" Mark. If not enjoined, LCB will suffer irreparable damage to its rights in the "JOLT" Mark and its business, reputation, and goodwill.

24. LCB has no adequate remedy at law.

25. LCB is entitled to preliminary, and subsequently, permanent injunctive relief against Defendant Wayne under 15 U.S.C. § 1116.

26. LCB is entitled to recover from Defendant Wayne the costs associated with this action under 15 U.S.C. § 1117.

27. LCB's conduct renders this an exceptional case. Accordingly, LCB is also entitled to recover from its reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 2

### *Unfair Competition, False Designation of Origin, and False Descriptions*

### *In Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))*

28. LCB repeats and reasserts all allegations contained in Paragraphs 7 through 14

above as if they were stated in full herein.

29. The "JOLT" Mark is distinctive (either inherently or through acquired distinctiveness), because it has been used throughout Texas and other States in the United States for at least 10 years and is well known to the trade and those in the market for batteries.

30. Those in the market for batteries associate and identify the "JOLT" Mark with LCB and/or the battery goods LCB provides.

31. Defendant Wayne's conduct in the advertising, marketing, promotion and selling batteries under the "JOLT" mark, and Defendant Wayne's use of LCB's "JOLT" Mark, constitutes false designation of origin or sponsorship of Defendant Wayne's goods and tends falsely to represent that Defendant Wayne's goods originate from LCB (or are from the same source that markets and provides goods under the "JOLT" Mark) or that such goods of Defendant Wayne have been sponsored, approved, or licensed by LCB or are in some way affiliated or connected with LCB, all in violation of 15 U.S.C. § 1125(a).

32. These are false or misleading statements of fact that deceive or are likely to deceive potential consumer-customers in a material way that are likely to influence the consumer's purchasing decision in seeking batteries.

33. Defendant Wayne's actions were done willfully in full knowledge of the falsity of such designations of origin and such descriptions or representations and of the statements of fact and with express intent to cause confusion, mislead, and deceive the purchasing public.

34. Defendant Wayne's unlawful acts constitute commercial use in interstate commerce.

35. Defendant Wayne's unfair competition is irreparably damaging to LCB in the form of: (i) interference with LCB's ability to exploit its rights; (ii) confusion in the marketplace as to the

duly authorized source of the goods provided in conjunction with the "JOLT" Mark; and (iii) impairment of the goodwill LCB has in its "JOLT" Mark. If not enjoined, LCB will continue to suffer irreparable injury to its rights in the "JOLT" Mark and to its business, reputation, and goodwill.

36. LCB has no adequate remedy at law.

37. LCB is entitled to preliminary, and subsequently, permanent injunctive relief against Wayne under 15 U.S.C. § 1116.

38. Defendant Wayne's conduct renders this an exceptional case. Accordingly, LCB is also entitled to recover from Wayne its reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 3

*LCB's Potential Opposition to Wayne's Pending "JOLT" Applications and Wayne's Cancellation Proceeding*

39. LCB repeats and reasserts all allegations contained in Paragraphs 7 through 14 above as if they were stated in full herein.

40. Wayne has filed two (2) Intent to Use trademark applications pending with the United States Patent and Trademark Office ("USPTO") for registration of "JOLT," Serial Nos. 97330659 and 97330505. *See* Paragraph 11 *supra* and Exhibit 9. LCB has filed Requests for Extensions of Time to oppose these applications and subsequently a request to suspend these oppositions pending an outcome in this matter, one of which has recently been denied (*see* paragraph 12 *supra*). LCB will be damaged by the registration of Defendant Wayne's "JOLT" applications for registration.

41. Defendant Wayne filed a Cancellation Proceeding (No. 92081062) with the USPTO seeking to cancel LCB's '344 Registration. LCB will be damaged by Defendant Wayne

**COMPLAINT**                                                                                                    **Page | 8**
689463

seeking to cancel LCB's '344 Registration.

42.     As such, LCB seeks an Order (a) striking Defendant Wayne's two (2) pending "JOLT" trademark applications and/or cancelling any subsequently issued U.S. trademark registrations (if any), (b) dismissing with prejudice Cancellation Proceeding No. 92081062, and (c) further certifying and directing the Director of the USPTO to make appropriate entry upon the USPTO records, per 15 U.S.C. § 1119.

## Count 4

### *Unfair Competition Under Texas Common Law*

43.     LCB repeats and reasserts all allegations contained in Paragraphs 7 through 14 above as if they were stated in full herein.

44.     LCB is, and at all times mentioned in this Complaint has been, engaged in the business of advertising, marketing, promoting, and selling JOLT branded batteries. LCB owns the "JOLT" Mark identified herein. LCB has invested substantial time and expense in the development of its "JOLT" branded products, as well as in the "JOLT" Mark.

45.     Defendant Wayne, without LCB's consent, is using a reproduction, counterfeit, copy, or colorable imitation of the "JOLT" Mark and is trading off LCB's goodwill in connection with selling, offering for sale, or advertising and/or marketing of its "JOLT" batteries.

46.     Defendant Wayne's use of "JOLT" is likely to deceive or cause confusion or mistake as to the source or origin of Defendant Wayne's provided goods, as well as damage LCB'S goodwill. As alleged in more detail above, Defendant Wayne's acts constitute federal trademark infringement under Section 32 of the Lanham Act. These acts also constitute unfair competition under Texas common law as shown in the above allegations.

47.     Unless Defendant Wayne is enjoined from the acts complained of, LCB will suffer

irreparable harm, for which LCB has no adequate remedy at law. LCB is entitled to an injunction under Texas law.

48.     LCB is entitled to recover from Defendant Wayne its lost profits resulting from Defendant Wayne's infringement.

49.     On information and belief, Wayne's actions aforesaid were actuated by fraud or malice. Therefore, LCB requests exemplary damages under Chapter 41, Texas Civil Practice & Remedies Code.

## Jury Demand

50.     Pursuant to Rule 38(b), F.R.C.P., LCB demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, LCB respectfully requests that the Court:

A.      Preliminarily, then permanently enjoin Defendant Wayne from continuing to use the "JOLT" Mark (or any derivation or colorable imitation thereof) in association with marketing, advertising, promotion, offering to sell and selling of batteries;

B.      Compel Defendant Wayne to destroy all products, packaging, signage, website, social media, marketing, and promotional materials displaying, or to remove therefrom all references to, the "JOLT" mark or any other term or mark confusingly similar to the "JOLT" mark;

C.      Award LCB its costs incurred herein.

D.      Because this is an exceptional case, award LCB its reasonable attorney's fees;

E.      Certify to the Director of the USPTO to (a) strike Defendant Wayne's "JOLT" applications for registration of Serial Nos. 97330659 and 97330505 and/or cancel any

subsequently issued registrations (if any )  and (b) dismiss with prejudice Cancellation Proceeding 92081062, and for the Director to make appropriate entries upon the records of the USPTO.

  F.  Award LCB its damages;

  G.  Award LCB Defendant Wayne's profits;

  H.  Award LCB exemplary damages;

  I.  Award such further and/or alternative relief this Court deems proper.

Dated: February 6, 2024   Respectfully submitted,

          */s/Richard L. Schwartz*
          Richard L. Schwartz
          Texas Bar No. 17869500
          rschwartz@whitakerchalk.com
          Lead Counsel in Charge

          Thomas F. Harkins, Jr.
          Texas Bar No. 09000990
          tharkins@whitakerchalk.com

          **WHITAKER CHALK SWINDLE**
           **& SCHWARTZ PLLC**
          301 Commerce Street, Suite 3500
          Fort Worth, Texas 76102
          Phone: (817) 878-0500
          Fax: (817) 878-0501

          **ATTORNEYS FOR PLAINTIFF**
          **LCB BATTERY, LLC**